**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES REMBERT, (B-79837),** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 13 C 4122 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **NURSE RONALD ROSE AND** | ) | |
| **DR. TERRANCE BAKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Rembert, who is currently in IDOC custody, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, contending that Defendants were deliberately indifferent to his serious medical need when he was detained at Cook County Jail. Defendants have filed a Federal Rule of Civil Procedure 56 motion for summary judgment, contending that Rembert failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), did not suffer a physical injury as required to recover damages under that statute, and has not created a triable issue of fact as to deliberate indifference. Because the record establishes that Rembert failed to exhaust his administrative remedies, Defendants' motion for summary judgment is granted on that basis, and the Court need not consider Defendants' other arguments. Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice" even if the statute of limitations would bar a fresh lawsuit on the matter). This is a final, appealable order.

**Facts**

The following facts, which are taken from the Defendants' Rule 56.1(a)(3) statement of material facts, Plaintiff's response to that statement,[1] and the supporting evidentiary materials, are undisputed unless otherwise noted. Plaintiff alleges that on May 21, 2012, Dr. Baker prescribed acetaminophen for him for pain in his legs. (Defs.' LR 56.1(a)(3) Statement ¶ 1.) On May 23, or 24, 2012,[2] Rose refused to give Plaintiff acetaminophen. (*Id.* ¶ 2.) Plaintiff's pain continued, to the point that he could not sleep and could hardly walk. (*Id.* ¶ 4.)

On May 28, 2012, Plaintiff completed a Health Service Request Form complaining that he had not received the prescribed acetaminophen and had pain in his back, legs, and groin. (*Id.* ¶ 13.)

On June 11, 2012, Plaintiff told physician assistant Christopher Stadnicki that he had not received the acetaminophen. (*Id.* ¶ 14.) Stadnicki said he would get it for Plaintiff, but Plaintiff never received it. (*Id.*; Dkt. No. 57-2, Pl.'s Dep. at 35:6-22, 39:4-7.)

On July 10, 2012, another nurse at the Jail gave Plaintiff ibuprofen and methocarbamol, a muscle relaxant, for his pain. (Defs.' LR 56.1(a)(3) Statement ¶ 17.)

---

[1]Defendants ask the Court to strike certain portions of Plaintiff's Response to their Statement of Facts, which do not comport with Local Rule 56.1. However, because Plaintiff is proceeding *pro se*, the Court considers the factual assertions he makes in his brief and in his response to the Defendants' Local Rule 56.1 Statement of Material Facts that are supported by the record or to which he could testify.

[2]Plaintiff states in his response to the motion for summary judgment that the date is incorrectly listed as May 23, 2012 in his amended complaint, and that his interaction with nurse Rose actually occurred the following day.

On August 7, 2012, Plaintiff submitted another Health Services Request Form which said that he had pain in his back and thighs and needed a refill of his medication. (*See* Dkt. No. 53, Pl.'s Resp. Def.'s Mot. Summ. J., Ex. 8-A.)

Plaintiff also contends that between May and October 2012, he sent several request slips, which are different from the Health Service Request Forms, to Baker asking for acetaminophen. (Defs.' LR 56.1(a)(3) Statement ¶ 16.)

On October 11, 2012, Dr. Baker again gave Plaintiff ibuprofen and methocarbamol. (*Id.* ¶¶ 15, 18.)

Plaintiff testified that he is familiar with the Jail's grievance process, which requires inmates to file a grievance within fifteen days of the event of which they are complaining. (*Id.* ¶¶ 19-21.) It also requires the inmate to appeal the denial of a grievance within fourteen days of receiving the denial. (*Id.* ¶ 22.)

Plaintiff filed a grievance on May 28, 2012, stating that he had not received acetaminophen prescribed by a doctor. (*Id.* ¶ 26.) On July 12, 2012, Plaintiff received a response, which stated that Plaintiff had a prescription for Tylenol from May 21, 2012 to June 21, 2012. (*Id.*) Plaintiff did not sign the response, and the word "refused" is written in the space provided for his signature. (*Id.*) Plaintiff contends that he did not refuse to sign the form, but rather the officer who gave it to him wrote the word "refused" on it. (Pl.'s Resp. Def.'s LR 56.1(a)(3) Statement ¶ 26.) The response form states that "[t]o exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response." (Dkt. No. 46, Pl.'s Dep. Ex. 16.) It is undisputed that Plaintiff did not appeal this grievance. (Defs.' LR 56.1(a)(3) Statement ¶ 26; Pl.'s Resp. Def.'s LR 56.1(a)(3) Statement ¶¶ 26-27.)

3

**Discussion**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, the Court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Univ. Research Assocs., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). However, the Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson*, 477 U.S. at 249-50). Summary judgment is appropriate only when the record, taken as a whole, establishes that no reasonable jury could find for the non-moving party. *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004).

Typically, where a motion for summary judgment raises both the affirmative defense of failure to exhaust and a defense on the merits, the Court should address the exhaustion defense first. *See Fluker v. City of Kankakee*, 741 F.3d 787, 792 (7th Cir. 2013). Failure to exhaust is an affirmative defense on which defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2007).

The PLRA states that "[n]o action shall be brought with respect to prison conditions under . . . 42 U.S.C. 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust the administrative remedies even if he believes the process is futile, and even if he requests relief that the administrative body cannot grant. *Booth v. Churner*, 532 U.S. 731, 741 n.6

(2001); *see Steiskal v. Lewitzke*, 553 Fed. App'x 611, 616 (7th Cir. 2014). "There is no futility, sham or substantial compliance exception to this requirement." *Simmons v. Gilson*, 08 C 1288, 2009 U.S. Dist. LEXIS 100755, at *5 (C.D. Ill. Oct. 29, 2009) (citing *Booth*, 532 U.S. at 740-41). Moreover, to properly exhaust, "a prisoner must submit . . . complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, it is undisputed that Rembert did not appeal the denial of his May 2012 acetaminophen grievance because he did not think an appeal would accomplish anything. (Defs.' LR 56.1(a)(3) Statement ¶ 26; Pl.'s Resp. Defs.' LR 56.1(a)(3) Statement ¶¶ 26-27.) Futility does not, however, excuse exhaustion. *See Steiskal*, 553 Fed. App'x at 616 (rejecting prisoner's argument that it would have been useless to pursue administrative remedies because the damage had already been done by an allegedly botched dental surgery); *Canady v. Davis*, 376 Fed. App'x 625, 626 (7th Cir. 2010) (affirming grant of summary judgment to prison officials when prisoner's only explanation for not filing a grievance was futility); *Twitty v. McCoskey*, 226 Fed. App'x 594, 596 (7th Cir. 2007) (observing that "42 U.S.C. § 1997e(a) 'says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. . . . If administrative remedies are available, the prisoner must exhaust them.'" (quoting *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)).

As such, the Court grants summary judgment in favor of Defendants, and need not consider their arguments on the merits. If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on

5

appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## Conclusion

For the reasons set forth above, the Court grants Defendants' motion for summary judgment (Dkt. No. 46). Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies. This is a final, appealable order.

**SO ORDERED.**  ENTERED: December 2, 2014

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**